**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ROME RESEARCH CORPORATION,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>Defendant | Case No. 1:06-cv-377<br><br>Judge George W. Miller |

**JOINT MOTION TO STAY PROCEEDINGS**

The parties respectfully request that the Court stay proceedings in this case pending resolution of a similar (though technically unrelated) case in the United States Court of Appeals for the Federal Circuit.[1] The outcome of that case, captioned *Lear Siegler Services, Inc. v. Rumsfeld*, Case No. 06-1080, may have a significant impact upon the litigation of this case because the principal issue on appeal in *Lear Siegler* concerns the entitlement to price adjustments for the increased costs associated with providing health and welfare benefits on a defined benefit basis. Oral argument in the *Lear Siegler* case was conducted before the Federal Circuit on June 9, 2006 and the parties are awaiting the decision of the court.

[1] If the Court does not stay these proceedings, defendant respectfully requests that the Court grant the Government an enlargement of time of 60 days, from July 10, 2006, through and including September 8, 2006, for the Government to respond to the complaint. The purpose of the proposed enlargement is to provide the agency additional time necessary to prepare the required litigation report and to provide counsel of record for the Government time necessary to review the report, confer with appropriate agency personnel and prepare the Government's response to the complaint. Plaintiff consents to the proposed enlargement of time.

In *Lear Siegler*, the parties have presented the Court with two conflicting interpretations of Federal Acquisition Regulation ("FAR") §52.222-43, the Fair Labor Standards Act and Service Contract Act – Price Adjustment (Multiple Year and Option Contracts) (May 1989) (the "SCA Price Adjustment clause"). The appellant, Lear Siegler Services, Inc. ("LSI"), asserted in its appeal that it was entitled to a price adjustment under the plain language of the SCA Price Adjustment clause because it experienced an actual increase in the cost of providing fringe benefits provided pursuant to a Collective Bargaining Agreement ("CBA") that was incorporated into a DOL-approved Wage Determination ("WD"). LSI further argued that a changed WD was not a requirement for a contractor to be entitled to a price adjustment. The material prerequisites for a price adjustment, according to LSI, are an increase in the cost of providing wages and fringe benefits in an option year.

The Government in *Lear Siegler* (specifically, the Department of the Air Force) argued that the plain language of the clause provides that a contractor may receive an SCA price adjustment for costs incurred as a result of compliance with an increase of wages or fringe benefits mandated by the Service Contract Act ("SCA"), 41 U.S.C. § 353(c). According to the Government, where costs increase as a consequence of the contractor's voluntary choice to provide a defined benefits plan in its CBA in which there is no minimum cost requirement, the contractor is not entitled to a price adjustment because the increased costs were not mandated by the SCA.

In the present action, Plaintiff contends that the SCA Price Adjustment Clause is the same as the clause at issue in *Lear Siegler*, and is central to many of the issues in this case. Plaintiff asserts that it is entitled to a price adjustment for the alleged

increased costs associated with providing its employees a defined-benefit plan in which an employee receives a fixed benefit or set of benefits regardless of the cost to the employer. Plaintiff states certain of its claims center upon the contractor's claim for price adjustments to cover what it asserts are statutorily mandated increased costs of providing a defined benefit plan adopted in a CBA by the contractor and its employees in an alleged arms-length negotiation, the terms of which plaintiff contends never have been questioned by the Government. *See* Complaint ¶¶ 1-2.[2]

Decisions of the Federal Circuit are binding upon this court, and, based upon plaintiff's allegations, it appears that the Federal Circuit's decision in *Lear Siegler* may materially affect this Court's determination respecting significant elements of this case. Consequently, the parties believe that it would be prudent, and in the interest of conserving judicial resources, for the Court to stay the proceedings of this case pending resolution of the *Lear Siegler* case. The power of this court to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936).

Accordingly, staying this litigation until the Federal Circuit has resolved the *Lear Siegler* appeal furthers the interest of conserving the resources of the parties and this Court, and, pursuant to Rule 1(a) (2) of the rules of this Court, promotes the "just, speedy, and inexpensive determination" of this action.

---

[2] Plaintiff represents that, although some of the claims in this case are distinct from the claims in the *Lear Siegler* case, the similarities between the cases still warrant a stay.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court stay proceedings pending resolution of the *Lear Siegler* case in the Federal Circuit. The parties will promptly notify the Court of the issuance of the Federal Circuit's decision and mandate.

Respectfully submitted,

s/
DANIEL B. ABRAHAMS
Epstein Becker & Green, P.C.
1227 25th Street, N.W., Suite 600
Washington, D.C. 20037
Tel: (202) 861-1854

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/
BRYANT G. SNEE
Assistant Director

s/
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

July 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 10th day of July 2006, a copy of the foregoing **"Joint Motion to Stay Proceedings"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/
Daniel B. Abrahams