**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ROME RESEARCH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-377C<br>(Judge George W. Miller) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 constitute conclusions of law and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 1 to the extent supported by the wage determination and collective bargaining agreement cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 1.

2. The allegations contained in the first and fourth sentences of paragraph 2 constitute conclusions of law and plaintiff’s characterization of its case, to which no answer is

required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in the first sentence of paragraph 3, that the cited case currently is pending in the Federal Circuit; as of the time of the execution of this answer, that case no longer was pending. Admits the remainder of the allegations contained in the first sentence of paragraph 3, to the extent supported by the filings in the case cited, which are the best evidence of their contents; otherwise denies the allegations contained in the remainder of the first sentence of paragraph 3. Admits the allegations contained in the second sentence of paragraph 3, to the extent supported by the filings in the case cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 3. Denies the allegations contained in the third sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in the first sentence of paragraph 4, that plaintiff is a corporation organized under the laws of the State of New York, for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in the first sentence

of paragraph 4, to the extent supported by plaintiff's contracts with the Government, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4, to the extent supported by plaintiff's contracts with the Government, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 4.

5. Admits the allegations contained in paragraph 5, that defendant is the United States. The remainder of the allegations contained in paragraph 5 constitute legal conclusions, to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contact cited, which is the best evidence of its contents; otherwise they are denied.

7. Admits the allegations contained in paragraph 7, to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8, to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10, to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11, to the extent supported by the contract and options cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12, to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13, to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in the first sentence of paragraph 15, to the extent supported by the collective bargaining agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 15. Denies the allegations contained in the second sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17, that the collective bargaining agreement went into effect September 30, 2003, to the extent supported by the collective bargaining agreement cited, which is the best evidence of its contents; otherwise denies those allegations. Denies the remainder of the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. The allegations contained in the first sentence of paragraph 18 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact,

they are denied for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 18 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by the collective bargaining agreement and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 19. Denies the allegations contained in the second sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack

of knowledge or information sufficient to form a belief as to their truth.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 24. Admits the allegations contained in the second, third, fourth, and fifth sentences of paragraph 24 to the extent supported by the adjustment requests cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second, third, fourth, and fifth sentences of paragraph 24.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

26. Admits the allegations contained in paragraph 26 to the extent supported by the modification and decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

29. Defendant's responses to paragraphs 1 through 28 of the complaint are incorporated by reference.

30. Admits the allegations contained in paragraph 30 to the extent supported by the clause cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. The allegations contained in paragraph 31 constitute conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the clause cited, which is the best evidence of its contents; otherwise they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by the clause cited, which is the best evidence of its contents; otherwise they are denied.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

35. The allegations contained in paragraph 35 constitute conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

36. Defendant's responses to paragraphs 1 through 35 of the complaint are incorporated by reference.

37. Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 37. The allegations contained in the second and third sentences of paragraph 37 constitute conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

39. Denies the allegations contained in the first sentence of paragraph 39 for lack of knowledge or information sufficient

to form a belief as to their truth. The allegations contained in the second sentence of paragraph 39 constitute conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute plaintiff's characterization of its case to which no answer is required; to the extent they are deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Defendant's responses to paragraphs 1 through 41 of the complaint are incorporated by reference.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

44. The allegations contained in the first and third sentences of paragraph 44 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of

paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. The allegations contained in paragraph 45 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. Defendant's responses to paragraphs 1 through 45 of the complaint are incorporated by reference.

47. Admits the allegations contained in the first sentence of paragraph 47 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 47. Denies the allegations contained in the second sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third and fourth sentences of paragraph 47 to the extent supported by the price adjustment requests cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the cited decisions upon the price adjustment requests, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained in paragraph 49 to the extent supported by the cited decisions or agreements upon the price adjustment requests, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51. The allegations contained in paragraph 51 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. Denies the allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. The allegations contained in paragraph 53 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Defendant’s responses to paragraphs 1 through 54 of the complaint are incorporated by reference.

56. Admits the allegations contained in paragraph 56 to the extent supported by the cited decisions upon the price adjustment

requests, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the cited decisions or agreements upon the price adjustment requests, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. Denies the allegations contained in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60. The allegations contained in paragraph 60 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. Defendant’s responses to paragraphs 1 through 61 of the complaint are incorporated by reference.

63. Admits the allegations contained in paragraph 63 to the extent supported by the cited decisions upon the price adjustment

requests, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 63.

64. Admits the allegations contained in paragraph 64 to the extent supported by the cited decisions or agreements upon the price adjustment requests, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Denies the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67. The allegations contained in paragraph 67 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. Defendant's responses to paragraphs 1 through 68 of the complaint are incorporated by reference.

70. Admits the allegations contained in paragraph 70 to the extent supported by the cited decisions upon the price adjustment

requests, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 63.

71. Admits the allegations contained in paragraph 71 to the extent supported by the cited decisions or agreements upon the price adjustment requests, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72 for lack of knowledge or information sufficient to form a belief as to their truth.

73. Denies the allegations contained in paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth.

74. The allegations contained in paragraph 74 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

75. Admits the allegations contained in paragraph 75 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 75.

76. The allegations contained in paragraph 76 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

78. The allegations contained in paragraph 78 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79. The allegations contained in paragraph 79 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in the first sentence of paragraph 80 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.

81. The allegations contained in paragraph 81 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

83. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 82, or to any relief whatsoever.

84. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/Bryant G. Snee***
BRYANT G. SNEE
Assistant Director

***s/Richard P. Schroeder***

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7788

Attorneys for Defendant

January 26, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 26th day of January 2007, a copy of the foregoing “DEFENDANT’S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Richard P. Schroeder