**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Washington, D.C.**

| | |
|---|---|
| **ROME RESEARCH CORPORATION,** *Plaintiff,* <br> *v.* <br> **THE UNITED STATES,** *Defendant.* | **No. 06-377C** <br> (Judge George W. Miller) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, the parties hereby submit their Joint Preliminary Status Report.

a. Plaintiff states that the Court has jurisdiction. The Government states that it currently is unaware of any reason why the Court would not possess jurisdiction.

b. The case should not be consolidated with any other case.

c. Trial should not be bifurcated.

d. Further proceedings should not be deferred.

e. Remand or suspension will not be sought.

f. Additional parties will not be joined.

g. The parties may file motions under Rule 56. The parties propose that they be provided an opportunity at the close of discovery to submit a proposed briefing schedule. However, either Plaintiff or the Government may seek summary judgment upon certain claims prior to the close of fact discovery.

h. Plainitiff states that the relevant factual issues are (subject to modification following discovery):

1. Whether, and in what amount, Rome Research Corporation ("RRC") experienced actual increases in the cost of providing fringe benefits, increased gross receipts taxes, increased overtime expenses, and other increased costs alleged in the complaint?

2. Whether the Parties established a course of dealing and/or course of performance in which the Government agreed, through the issuance of contract modifications to RRC and to other contractors, to grant any one or more of the aforementioned price adjustments?

3. Whether RRC submitted one or more proposals seeking the award of

Government contracts in reliance upon this course of dealing and/or course of performance?

4. Whether the Government and RRC were mistaken about a fact, i.e. a mutual mistake that a long-standing practice of permitting a price adjustment for increased fringe benefit costs, increased gross receipts taxes, increased overtime, and other increased costs alleged in the complaint?

The Government agrees with the first factual issue identified by plaintiff, assuming for the sake of argument only, that plaintiff can prove entitlement. Assuming for the sake of argument only, that the other three issues identified by plaintiff present viable legal theories in this case, and without admitting that there is a genuine issue of material fact regarding those issues, because plaintiff has identified those issues, they may have to be litigated and, therefore, they are issues in this case.

The Government adds the following issue: Whether under the contract at issue and applicable law, plaintiff may recover under the theories referred to in the second through fourth issues identified by plaintiff.

The relevant legal issues are (subject to modification following discovery):

1. Whether RRC is entitled to a price adjustment under Federal Acquisition Regulation ("FAR") §52.222-43, the Fair Labor Standards Act and Service Contract Act – Price Adjustment (Multiple Year and Option Contracts) (May 1989) (the "SCA Price Adjustment clause") for the increase in the costs of providing certain fringe benefits in the option years of the contract at issue in this litigation?

2. Whether the decision of *Lear Siegler v. United States*, 457 F.3d 1262 (Fed. Cir. 2006) requires the United States as a matter of law to provide an SCA price adjustment in the amount of $476,007 plus interest pursuant to the Contract Disputes Act for the increased costs of providing health & welfare, life insurance and accidental death & dismemberment insurance benefits?

3. Whether an established course of dealing between the Government and a contractor, if proven, provides a basis for recovery in a claim for equitable adjustment.

4. Whether RRC is entitled to an equitable adjustment of the contract at issue in this case where the Government did not grant a price adjustment for increased fringe benefit costs, increased gross receipts taxes, increased overtime, and other increased costs alleged in the complaint.

5. Whether an alleged mistake of fact between the Government and RRC, i.e. a alleged mutual mistake that an alleged long-standing practice of permitting a price adjustment for increased fringe benefit costs, increased gross receipts taxes, increased overtime, and other increased costs alleged in the complaint,

entitles RRC to reformation of the contract and damages for breach of any such reformed contract?

6. Whether, as a matter of law, plaintiff's mistake theory expressed in paragraph no. 5 immediately above, can form a basis for damages in this case?

i. On December 4, 2006, the Parties advised the Court that they had agreed to a proposed settlement that could be recommended to the authorized representative of the Attorney General that would resolve a substantial part of this case. This settlement has yet to be finalized because the Government determined that it was necessary to perform an audit of RRC's asserted costs. RRC has cooperated with the Defense Contracting Audit Agency's auditors, and the Parties understand that the audit is nearing completion.

The Parties have been discussing the settlement of the remaining issues in dispute and have committed to continuing their dialogue and a settlement proposal recently was made and currently is pending. The parties may consider ADR if direct settlement negotiations prove unsuccessful.

i. If the case is not settled or resolved on Rule 56 motions, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling.

j. There are no special issues regarding electronic case management needs.

k. There is no other information that needs to be brought to the court's attention at this time.

Proposed Discovery Plan

Plaintiff proposes the following dates for discovery:

- Rule 26(a)(1) disclosures -- April 13, 2007
- Rule 26(a)(2) disclosures -- June 1, 2007
- Rule 26(a)(2)(c) rebuttal disclosures -- June 15, 2007
- Last day to file discovery requests -- May 15, 2007
- Last day to take depositions -- July 13, 2007
- Close of Discovery -- July 13, 2007

The Government disagrees with plaintiff's proposal and proposes the following alternative discovery plan:

- Rule 26(a)(1) disclosures -- April 23, 2007
- Rule 26(a)(2) disclosures -- 60 days after the close of fact discovery.
- Rule 26(a)(2)(c) rebuttal disclosures -- 30 days after the Rule 26(a)(2) disclosures.
- Fact Discovery Deadline -- March 21, 2008

Respectfully submitted,

***Daniel B. Abrahams*** s/

Daniel B. Abrahams
Epstein Becker & Green P.C.
1227 25th Street, N.W.
Washington, D.C. 20037
(202) 861-0900
Facsimile: (202) 296-2882

*Of Counsel:*

Howard A. Wolf-Rodda
Epstein Becker & Green, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Telephone: (202) 861-0900
Facsimile: (202) 296-2882

Attorneys for Plaintiff
Rome Research Corporation

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

***s/Bryant G. Snee***

Bryant G. Snee
Deputy Director

***s/Richard P. Schroeder***

Richard Schroeder, Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
(202) 305-7788

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 23rd day of March 2007, a copy of the foregoing **"Joint Preliminary Status Report"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***Daniel B. Abrahams s/***

Daniel B. Abrahams