IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROME RESEARCH CORPORATION<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Case No. 1:06-cv-377<br>Judge George W. Miller |

**PLAINTIFF'S STATUS REPORT**

Plaintiff Rome Research Corporation ("RRC") provides this status report because it has been unable to reach agreement with the Government on a joint status report. Late today for the first time the Government insisted upon briefing a legal argument in the guise of a joint status report.

RRC understands that the Defense Contract Audit Agency ("DCAA") report will show there was no "contingency" in RRC's proposal for the option years. The bid papers show the health and welfare ("H&W") costs were held constant over the base and option years of the contract. The contract is a fixed price contract. If the contractor underestimates costs it gets no extra adjustment for the error. The contractor bears the risk. Here the DCAA auditors apparently claim that the H&W costs projected in RRC's bid papers exceeded the actual H&W costs. And the actually cost of the Guam Gross Receipts Tax ("GRT")were far below the projected GRT costs in RRC's bid papers. So in the warped world of the Government, since RRC didn't hit the number on the nose in its bid estimate, RRC gets neither H&W nor GRT cost as an adjustment. It's heads the Government wins, tails the contractor loses.

But that is not what the clause says. The clause gives an adjustment for fixed price contractors for the increased cost (or a downward adjustment for decreased cost) of wages and fringe benefits and accompanying taxes and worker's compensation costs in the option years of the contract. The contractor projects the base year cost. It's just an estimate. It may be too high or too low. It is done in the heat of a competitive fixed price solicitation. The base year projections simply have no relevance other than to form a base line for determining whether there is any escalation in the option years. The contractor is offered no adjustment for the base year costs. The clause says the contractor warrants that it has not included "any allowance for any contingency to cover **increased costs for which an adjustment is provided under this clause.** " FAR 52.222-43 (emphasis supplied). Yet whether the base year costs are high or low, the Government says no such costs are compensable under the clause. Thus, there is simply no "contingency" in the estimate for cost subject to adjustment under the clause. The Government is now attempting to rewrite 38 years of history to redefine the clause when all it has ever meant is that the contractor cannot escalate the projected cost for H&W in the option years and then also get another recovery through the price adjustment clause.

It is difficult to rebut an audit conclusion that has not yet been provided to the contractor. But it is RRC's view that the suggested direction of the DCAA audit is to make a legal conclusion that is without foundation. Simply put, the Government hasn't shared its final audit report, hasn't negotiated in good faith, hasn't conferred on discovery, and has raised what RRC thinks are meritless legal arguments. None of the directives found in the Court's Apirl 11, 2007 Order were complied with.

Accordingly, it is RRC's plan to move as soon as possible for partial summary judgment on the H&W cost issues. RRC submits that the GRT and overtime portions of the case should be

subject to expedited discovery and scheduled for summary judgment. This case is now getting old. At every step of the way, the Government has delayed the proceedings. Discovery responses are overdue. The Government has yet to release even a final audit report from DCAA. RRC has exhausted its patience and respectfully requests that the Court move the case forward and calendar quick dates to resolve the apparent legal issues raised by the Government.

Respectfully submitted,

/s/ ______________________

Daniel B. Abrahams
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037
(202) 861-1854 (phone)
(202) 861-3554 (facsimile)

Counsel for Appellant

Dated: May 8, 2007

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 8th day of May, 2007, that "PLAINTIFF'S STATUS REPORT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Daniel B. Abrahams