IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROME RESEARCH CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-377C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO FILE INDIVIDUAL**
**STATUS REPORT IN LIEU OF JOINT STATUS REPORT**

Defendant, the United States, respectfully requests leave to file the individual status report, incorporated below, in lieu of the joint status report due May 8, 2007. The reason for requesting this relief is that we have been advised by plaintiff's counsel that the parties' views are too far apart to enable them to file a joint status report. Because plaintiff has decided to file an individual status report instead of a joint status report, the Government must request the same relief. Accordingly, we respectfully request that the Court accept for filing the status report incorporated below.

**DEFENDANT'S STATUS REPORT**

Defendant, the United States, respectfully submits the following status report.

The Court has directed the parties to report upon the results of the DCAA audit. Although the audit has been performed, a final audit report has not yet been approved or issued by DCAA. It is the Government's understanding that

plaintiff, Rome Research Corp. ("RRC"), and its counsel, were actively involved in the audit process. Although a final audit report has not been issued, the auditor's proposed findings have been provided to Government counsel. These are subject to revision during the DCAA approval process.

The most significant proposed finding relates to the health & welfare issue. The auditor has questioned a significant portion of that claim, which is for $476,007. The auditor found that, in preparing its bid, RRC's estimates for medical and dental costs were unrealistically high, and exceeded the actual costs later incurred. This raises an issue of whether there has been a violation of the warranty requirement in FAR 52.222-43(b). That provision provides: "The Contractor warrants that the prices in this contract do not include any allowance for any contingency to cover increased costs for which adjustment is provided under the [price adjustment] clause."

Because the auditor has raised this issue, the Government must further investigate the underlying factual circumstances, as well as the legal principles involved, before it will be in a position to settle this case. This can take place in the course of settlement negotiations, through discovery, or both. The Government understands that it is plaintiff's position that, as a matter of law, the auditor's concerns are unfounded. The Government will consider RRC's arguments in that regard when reviewing the issue raised by the auditor. The Government still

intends to engage in further settlement negotiations with RRC and believes that the issue raised by the auditor may factor into those negotiations.

Because the health and welfare benefits claim is such a substantial portion of RRC's case, neither a global settlement nor a settlement of the health and welfare claim can be completed until the issue raised by the auditor is resolved, or at least further explored in discussions between counsel. The Government will work diligently to try to resolve the issue. The auditor also has raised other issues, most significantly regarding RRC's Guam Gross Receipts Tax claim. Apart from entitlement, the auditor has questioned the quantum sought by RRC in connection with this claim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

***s/Bryant G. Snee***
***by SJG***
BRYANT G. SNEE
Deputy Director

***s/Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7788
Fax: (202) 353-7988

Attorneys for Defendant

May 8, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 8th day of May 2007, “DEFENDANT’S MOTION TO FILE INDIVIDUAL STATUS REPORT IN LIEU OF JOINT STATUS REPORT,” and “DEFENDANT’S STATUS REPORT,” were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Richard P. Schroeder