# In the United States Court of Federal Claims

| | |
|---|---|
| ROME RESEARCH CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | No. 06-377 C<br>Filed July 26, 2007 |

**ORDER**

The parties participated with the Court in a telephonic status conference on July 26, 2007, to discuss, among other things, the subjects described in the Court's order of July 17, 2007 (docket entry 28). As a result of that discussion, the Court hereby **ORDERS** as follows:

1) Except as set forth in the final paragraph of this order, defendant shall provide all documents requested by plaintiff to which it has not interposed an objection by **noon on Friday, July 27, 2007**.

2) Defendant shall provide plaintiff a privilege log pursuant to Rule 26(b)(5) of the Rules of the United States Court of Federal Claims by **2:00 p.m. on Monday, July 30, 2007**.

3) Counsel for defendant shall confer with agency counsel in order to procure and provide to plaintiff guidelines, policies, and standard procedures not available in the public domain, pursuant to plaintiff's discovery requests. Furthermore, after receiving from plaintiff's counsel an email clarifying the requests he made during the telephonic status conference, defendant shall consult with agency counsel regarding the so-called "public domain items," including what they are, where they are, and what sections are relevant to plaintiff's discovery requests. Defendant shall provide the documents and information to plaintiff as quickly as is reasonably feasible. If the parties prefer, they may engage in a conference call between counsel for plaintiff, counsel for defendant, and agency counsel in order to allow counsel for plaintiff to directly pose his questions.

4) The parties shall confer regarding the breadth of plaintiff's third-party price adjustment discovery requests, with the aim of narrowing the scope, perhaps, as discussed in the telephonic status conference, so that it includes just price adjustments from 2000 to the present

made by the Fleet and Industrial Supply Center-San Diego and -Pearl Harbor, so that such discovery requests are not overly burdensome to defendant. Defendant shall confer with agency counsel regarding the extent of the documents that the narrowed discovery requests would entail.

5) The parties may ask questions during the depositions regarding the six-month extension after the contract was set to expire, with the intention of not requiring deponents to be deposed a second time. Such questions do not, however, waive the right, if any, of defendant to request further discovery, including but not limited to a Defense Contract Audit Agency audit, of that period.

In the course of the telephonic status conference, counsel for defendant stated that another set of discovery responses and admissions would be due on Monday, July 30, 2007, and requested that the Court grant him additional time to complete the responses and admissions. The Court, therefore, **FURTHER ORDERS** that the set of discovery responses and admissions that were due on July 30 are now due by **2:00 p.m. on Wednesday, August 1, 2007**. The discovery responses shall include all responsive documents requested, unless defendant interposes an objection to the request. In light of the fact that plaintiff's first deposition is scheduled for Monday, August 6, 2007, if counsel for plaintiff finds defendant's responses or production to be problematic, the Court and the parties will reconvene for a further telephonic status conference in order to resolve the problems.

**IT IS SO ORDERED**.

s/ George W. Miller
GEORGE W. MILLER
Judge